On behalf of the people, Mr. Marshall Stevens. Good morning. You can be seated. I just want to mention for the record that we have a third panel member, Justice Bowman. He's unable to be with us here today, but he will listen to the arguments on tape and he will participate normally here. So, Ms. Skelnick, you can proceed. Good morning, Your Honors. Good morning, Counsel. I'm here this morning on behalf of Donnell Taylor. Donnell Taylor was convicted after a jury trial of obstructing justice. We are asking this court to reverse his conviction because the state failed to prove beyond a reasonable doubt that his lying to the officer initially about his identity materially impeded the officer's investigation or his ability to execute the warrant for Mr. Taylor. Let me ask you a threshold question. Does the statute specify or require that it is an element that the information provided by the defendant must materially impede the investigation? The statute does not. In fact, I'm sure under the way the jury was instructed in this case, it was almost like there was no other option but to find the defendant guilty because the statute talks about intent to prevent the apprehension or obstruct the prosecution and you make a false statement to the police. Mr. Taylor actually admitted that he initially lied to the officer. I think, though, that the case of People v. Comage, if I'm pronouncing that correctly, is what is pertinent in this case in that that case does add a materiality requirement to the false statement. Was that an appellate court case or Supreme Court? That's a Supreme Court case. What about Baskerville? Doesn't Baskerville also? Baskerville does. Baskerville, and let me get to that because your honors did issue an order relating to that. Baskerville does involve a different offense. Baskerville involves obstructing a peace officer rather than obstructing justice. That's a class A misdemeanor. Obstructing justice is a class 4 felony. But it does involve a very similar set of facts and involves similar allegations as to how the defendant in that case obstructed the peace officer, that he had lied to the police officer about the whereabouts of his wife. Also said that he was driving the van that the police had actually seen his wife driving. And in that case, the court also says that when you're talking about obstructing in the context of obstructing a peace officer, you have to show that there's actually impeding of an officer. And certainly with a situation where you're talking about a class A misdemeanor, it would certainly not make sense that for a class A misdemeanor, if you don't actually impede the officer, you can't be convicted of a misdemeanor. But for a felony, you can be convicted without any proof of an actual obstruction. So I think... How does the Davis case enter into the mix? Wasn't that a case where there was allegedly a false statement? Davis, in fact, is almost identical to the facts in Baskerville. So first of all, I think that Davis wouldn't survive the analysis in Baskerville because of the fact that there is now this element that the courts have imposed on both obstructing a peace officer and obstructing justice, that you have to actually interfere with the administration of justice. But didn't Davis find, and you could be right with respect to the Baskerville case now, but didn't Davis find that the time that had elapsed would give the individual time to escape and therefore that is what contributed to the obstructing versus Baskerville where they said to the police officer, come on in and look, and he didn't take that opportunity. So wouldn't that distinguish those two cases? That could certainly be a distinction between Davis and Baskerville. But I think Davis is wrong insofar as it seems to just ignore the fact that in Comage, the Illinois Supreme Court did, in fact, not just talk about what is concealed, but also specifically said, you are not guilty of obstructing justice unless you actually interfere with the administration of justice. Now, I think to better explain what that means or what the definition means, we could take a look at the cases that were discussed in Comage. Both, I think, are from this court. In re MF and People v. Brake. And People v. Brake in particular, I think, tells us how do you define what actually impedes or materially impedes a peace officer. And that is defined by what? How do you define that? But what they said in that case, and I believe also in Comage, the standard they were applying was, did the actions of the defendant make the officer's ability to execute his job or investigate substantially more difficult or impossible? So I think that is what we should be using as a standard for materiality. Doesn't that become a little more difficult? I mean, the example you cite, where there's some physical acts, you could obviously say that that obviously obstructs or impedes the investigation. When, then, we're providing false information, how do you define that as material impeding? In a situation such as we have here? Yeah, where we're really, one case is a lie, another case is a lie. So how do you have a workable rule over which lie materially impedes an investigation? Well, I think applying the question of, did Donnell tailor lying to the officer, did that make the officer's job substantially more difficult or impossible? Certainly, this officer, it really didn't even substantially interfere with his ability to execute. Because he knew his identity. He knew Donnell. He referred to him several times as Donnell. He had no intention of releasing Donnell. He was going to execute this misdemeanor warrant that he was aware of. So I think if you have a situation, perhaps, where someone does, someone stops for a traffic offense, say, gives a false license to the officer or a false name, and the officer lets that person go, well, certainly that, at that point, has materially impeded the officer's ability to execute his job. But that certainly isn't the case here. How would you respond to this argument that just came into my head? Okay. Could you say that the guilt or innocence is determined by how successful the defendant's attempt at lying is? Well, that certainly was something that Justice Thomas brought up in his dissent in Comage. And he made that very point in dissent, saying, well, just because the officers in that case did a good job and were able to recover the contraband that the defendant threw over the fence, that shouldn't make him not guilty of obstructing justice because he was looking solely at the defendant's intent. But I think you do have to look at the success. If it's not successful, then it certainly hasn't impeded the officer's investigation. And couldn't also the defendant be charged with attempt obstruction? If the lying is not successful, couldn't he be guilty of that? Well, in fact, the case that talks about the fact that lying to the officers is not protected, the people v. Ellis, that involved that very set of facts where the defendant – I think there were several defendants who lied to the police officer about their identity when they were stopped for a traffic offense. Those were attempt prosecutions. Were they successful? They were. So in other words, the defendant is not immune. So if a defendant lies to a police officer, even if it doesn't materially obstruct it, he could be charged with attempt and still be held accountable. Is that correct? Yes, although I would say in this particular case, I don't think it would be appropriate to reduce this conviction. I'm not suggesting you would, but I'm just asking a logical question. Right. Doesn't the Ellis case talk about silently lying and actively lying? The Ellis case does distinguish between not speaking at all and affirmative or just saying no, simple denials versus affirmative lies. In our case, Donnell actually said, no, that is not my name. My name is something else, didn't he? Correct. And we're not at all saying that he had a free license to lie about his identity, but certainly with the fact that you have to show a material obstruction that did not exist here. And it would also, with respect to this situation versus Comage, it would also not make a whole lot of sense that if somebody, as in Comage, unsuccessfully throws the drugs that could be immediately retrieved. Right, that he couldn't be guilty because the police were successful in doing what they needed to do. But in this case, the defendant could have a felony conviction simply because he made a statement that was a lie. So I think that the court is trying to interpret legislative intent as well to say the legislature couldn't have intended to convict someone of a felony simply for making an effort that isn't successful where the police officers are still able to carry out their job. They can't make a strict liability in this case. For a felony. For a felony. Somebody lies, that's it. That's the ballgame. Correct. Correct. Did you have an opportunity to look at the Remus case? I did, which in fact did also involve an attempt prosecution. Right. So I do think that. But that was giving him the false name, correct? Correct. Right. Right. And we have never, and one of the other issues that Baskerville did address was whether there was a physical act that was required for obstructing a peace officer. And with people, V. Ellis was much earlier than this. We have not tried to argue that there was a physical act required, but we do submit that Donnell Taylor didn't materially impede Officer Mott. Officer Mott knew him. Officer Mott had no intention of releasing him. And it was really just kind of a word play between them for a few minutes. And then he did exactly what he intended to do, which was take him into custody on the warrant. So based on, yes. He did say he wasn't 100% sure that was him, didn't he? Well, what he said was he could have had a brother. So, I mean, I think you have to take that in context. I think he, it was almost as if it seemed to me that Officer Mott really was, he just wanted Donnell to admit who he was. And it was just kind of pushing him to admit and actually ended up getting him to admit it in kind of a tricky way. But I don't think there's any issue that he was not going to execute the warrant. And it certainly took less than 10 minutes for the entire transaction. So with respect to this particular felony conviction, there wasn't a showing that Officer Mott was materially impeded. That is something, and Justice Thomas, in fact, in his dissent, recognized that that's what the court had done. And People v. Comage was to impose a materiality requirement. That doesn't exist here. And the other thing I noticed, I was looking through my notes on the defense attorney's closing argument. This really was, in fact, the argument she was trying to make, that he really didn't obstruct the officer. The officer knew who he was. But I think the problem arose because the way the jury was instructed did not include this element. Materiality. Right. So we would ask, Your Honors, that his conviction be reversed. Thank you. Thank you. Mr. Steeves. Good morning. Good morning, Your Honors. Hello. Excuse me. I'd like to immediately respond to something that Ms. Gelnick said, which is that the officer had, at one point, he had no intention of releasing Donnell. I don't really think that the facts in this case demonstrate that. That was why the officer questioned the defendant so closely. And he went back to his police car, and he actually had a picture of him, did he not? He did. The visor, I believe, is the information. He didn't really, to my mind, in my interpretation of the facts, decide to arrest the defendant until he pulled a little stratagem where he stopped the conversation and then said, Hey, Donnell. And the defendant responded. It's clever police work, but I don't think that we should be penalizing the officer for being a good cop. Well, you know, isn't it part of the job as a police officer? I mean, you're going to go to work, and not everyone is going to have a Matlock moment, if you will, on the police force. Sometimes police work, you get pushed around a little bit. It doesn't necessarily amount to an aggravated battery to a police officer. Sometimes people are going to lie to you, and you do have to do some police work. And every time someone lies to you, it's not going to be in obstructing a police officer. So every single case is not really going to be an inconvenience to a police officer that's going to require unobstructing. Isn't that what the Supreme Court is saying here in Baskerville and saying in Comage and the other cases? You know what I think is a little more applicable, and I was actually thinking about this yesterday, is Webbington. That was the one with the defendant who refused to answer booking questions. And in that case, they said the defendant wasn't guilty because, yeah, he didn't answer the questions, but under the circumstances there, he answered them within a very short period of time. So it wasn't really. I think Webbington really does talk to that situation, and he considers the circumstances. A defendant who's not going anywhere because he's booked, and he's just going to convince the officer, let's just get this over. And he did eventually give the answers. I forget which case distinguished Webbington on this basis. Let's bring it back to the basis that we have right here. This is a street encounter. The officer has pretty darn good reason to believe that the defendant is who he thinks he is, but it's a street encounter. He has to be pretty sure before he takes a citizen into custody. This isn't like booking. It took 10 minutes. If it's a citizen and you're not Donnell Taylor, you don't expect it to take a very long time. I think there's a lot of stress put on the officer to get it right. As it turns out, the officer was able to get it right. But that's the question that I have. In Baskerville, the Supreme Court really held that the false statement is only legally significant in the context of this charge if it actually materially impedes the officer. How does that holding in Baskerville not apply and control the situation? Because it isn't like the situation, you might say, where the officer lets him go. He drives off even for a minute and realizes later that was the person. He never left the scene of the offense. So how does the holding in Baskerville not control the situation? I think the factual situation is the big difference. In Baskerville, the defendant and in Justice Kilbride's dissent, he would actually have found the defendant there guilty. And yes, it's a dissent. But this factual situation is quite a bit different, I think. I mean, in the holding, it says material. You have to, I would think, concede that the Supreme Court has engrafted that onto the statute. They do use the word material in repeating. So where is the material impediment here in this scenario? The material impediment is the fact that the defendant, by lying, has created the possibility that he will not be subject to the lawful service of an arrest warrant. The possibility isn't the issue, is it? It's whether it actually impeded. If the court recognizes in Baskerville Coma the fact that it could have impeded, does that mean it's not the issue? It is impeded. Counsel, you cite People v. Alice and People v. Remus to support your proposition. Right. In those two cases, however, weren't the defendants charged with attempted? Attempt, yeah. Wouldn't it have been proven for the state? I don't really understand why they were, because in my view, I think it was a completed view. Those are from 1988. Possibly, I can't really think of the context versus the cases preceding, but to me it seems that Baskerville sets a standard, which is that simply speaking a lie in a way that can result in the officer's performance of the duty being impeded or hindered is sufficient in and of itself. Is that what Baskerville said? That's not what Baskerville said. I may have misspoken there. I did want to get to this one point. Maybe you're talking about the dissent in Baskerville? No, I'm talking about here, the interpretation when telling a falsehood will violate the statute. Let's see. The legislative focus of the section, I'm looking at paragraph 23. They say, let's see, physical conduct is not the only means, essentially. The legislative focus of the section is on the tendency of the conduct to interpose an obstacle, tendency. I think that's the part that I'm focusing on. To interpose an obstacle that impedes or hinders the officer in the performance of his authorized duties. It impedes or hinders. Yes. So you're looking at the tendency. Tendency. Isn't that what we're talking about here? I see where you're going because I'm thinking Baskerville. They were kind of looking at knowingly and saying that the husband may not have knowingly impeded. Exactly. Justice Gilbreth's dissent is instructive because he said, it points out the dichotomy. Excuse me, I might just finish this one thing. It points out the dichotomy between the two things that the defendant said factually. First he said, oh no, she's not here. Then he said, well, wait a minute, let me go check. Which was a change in his story. Then he said, come on in. And the officer didn't take the invitation. So I think it was on that factual basis that Baskerville said that this was not impeding or hindering because the officer just let an opportunity go by. The defendant gave him the opportunity. The actual factual thing that the defendant said did not have the tendency of impeding or hindering. Well, how do you respond to this? On page 30, paragraph 35 in Baskerville, the court states, in this analysis, quote, the false statement only has legal significance if it actually impeded an act the officer was authorized. Actually impeded. That's vastly different than a tendency, isn't it? It didn't actually impede in this case. But that's what Baskerville says the standard is. Whether it did or did not is an argument. I think Baskerville goes beyond saying a mere tendency would make the defendant guilty. Well, language isn't perfect. I think that when they're speaking specifically of what the focus of the legislature is and they use the phrase tendency to impede, they are collapsing. That analysis gets collapsed into this section. I think the concern that you have, as I asked Ms. Kellman, I don't think there's always a concern that lying to the police would put the defendant, as long as somehow he's quickly caught in the lie, the argument could be, well, he's not accountable then for his actions. However, the person could always be on that scenario when you cited the cases, convicted of attempted fraud. So what is it as though the defendant can lie to the police and be held completely unaccountable for it? I suppose, yes. To a lesser extent. Then I guess it's to the interest that Baskerville, that they have isolated, identified in the legislature, that you don't want defendants to lie. It's pretty much, you know, thrown to the wayside under that analysis. I mean, you want to encourage people not to obstruct the police in the legal performance of their duties. This officer was certainly doing that. I mean, it sets up a really odd construct, a cat and mouse. Well, if I get away with it, then it's okay. Well, if you can't catch me, it's an attempt. But, you know, that's sporting. Someone will go with that. I don't think that that was what the legislature was thinking. However, the legislature, the intent is interpreted by the court. Now, the Supreme Court said that merely lying to the police, regardless of what happens after that, makes one guilty of obstructing. I'm sorry, I didn't hear you catch that. I said, obviously the Supreme Court interpreted these sections. Had they held that merely lying to the police in and of itself made one guilty of obstructing, we wouldn't really be arguing this issue, would we? But they didn't exactly say that, did they? Yes. So the question is, did this impede? Did this materially impede? We have that element that's in the mix. Like it or not, I think it's in the mix. It seems to me that you're setting up a test where the only way that you can ever be guilty of this is if you succeed. Because you managed to materially impede it. I'm sorry? Did we set up the test or did the case law set up the test? Well, I think we're interpreting the case. It says what the test is. And I would focus on tendency. I mean, otherwise there's really no crime in it. There's only ever an attempt, it seems like. I'm having a hard time understanding how anything, where the officer in a one-shot setting like this is lied to. Let me ask you this. Do you think perhaps, as Ms. Skelnick pointed out, you're looking at a Class A misdemeanor versus a felony. So you have a young 18-year-old, 19-year-old college kid, if you will. And I'm not even talking about this case. And the police come up to him and they ask him a question and he lies to them. And within a minute or two or ten, they discover that what he said to them did not materially impede their ability to make an arrest. Are we going to saddle this 18-year-old kid who made a lie that didn't materially impede an investigation? Are we going to saddle him with a felony? Or maybe an attempt might be a little bit more reasonable. Do you think perhaps that might weigh in some of the decisions by the courts? Not really. I mean, that would put the court in this position of deciding what the punishments should be for a particular offense, and that's the legislature's purview. That is. And it's also the purview at times of a prosecutor, isn't it, when they get that call in the middle of the night and say, I'm going to charge this 18-year-old with a felony versus an attempt? Certainly the state's attorney's office has wide discretion in what they charge. As far as your ten-minute scenario, I think that's more a Webbington, where both the facts and circumstances show that this wasn't a situation where it would impede the officer's ability to fulfill his duties. In this case, the facts are that the defendant lied, and he intended to keep on lying, and he was only tricked into revealing his identity. If the officer had not come up with this stratagem, I don't know that we can so confidently say that he would not have served the arrest warrant and taken the defendant into custody. The woman was a little less aggravating than a police officer in Comidge having to climb the wall to find the drugs that were thrown over versus a little wordsmith with Donnell and say, hey, Donnell, and yeah. I mean, wasn't it a little bit more inconvenient for the officers in Comidge than it was for the officer here in this case? You know, because Comidge involves a physical act, and this involves an act of lying, a verbal act, it's such an apples-and-oranges kind of a thing. As I recall the defense situation, the officers were chasing Comidge anyway, and he tossed the counterband over a fence in full view of the officers. And in your case, the two relying on Ellis and Remus were lying, but again, those are charges of tempt. That's true, and I don't know why. And I think if they had the advantage of, well, first of all, that's what they were charged with. I don't know why they charged it. Maybe they charged it, as you were suggesting, from a sense of lenity. I don't know. It seems like it was a complete act to me under the standard of Baskerville. If there are no further questions. Anything further? I'm done. Thank you. Thank you for your time. Ms. Skelnick, anything you'd like to say? Thank you. When Mr. Stevens is talking about the language in Baskerville about the tendency and so on, that's in the context of addressing whether a false statement is required or can be obstructing justice, whether a physical act is required. So the court said, yeah, you can obstruct justice by providing a false statement, but, again, it has to actually impede, it has to materially impede. And I think actually the legislature's, they were interpreting what the legislature's intent was in both Comage and Baskerville in saying we don't think the legislature intended to impose liability for obstructing a peace officer or felony liability for obstructing justice without this materiality requirement. And, in fact, there is a statute that was passed by the legislature, effective January 1st of 2010, called Obstructing Identification, which basically makes it a Class A misdemeanor to lie to a police officer about your name when you've been lawfully detained. So this scenario, then, would result in violation ostensibly of this new statute, whether it imperially impedes or not. Right, right. So the legislature does recognize we think it's some criminal liability should be imposed, but basically it's a misdemeanor liability. Correct. Well, let me address what your opponent talks about, Mr. Stevens, about an actual physical act as in Comage versus the lying to the police officer, which took this police officer 10 minutes or so to try and figure out who, in fact, this individual was. He's distinguishing a lie between a lie and a physical act that the police officers can see. How do you respond to that? I think you still have to look at beyond not just what the act is, whether it's a physical act or making a misrepresentation, but how that affected the officer's ability to execute his performance. And I disagree that in this case this officer might have let Donnell go. In fact, I think what was going on was he was trying to decide whether he should charge Donnell with a felony or a misdemeanor, and even in his own testimony he says to Donnell, listen, you're going to be arrested for giving us false information. I know you're Donnell. So I think the back and forth really went to am I going to do more than take Donnell into custody on this misdemeanor warrant or am I going to, in addition, charge him with a felony? And that's what this conversation back and forth was about. I don't think it's at all reasonable to interpret what the officer was saying as As some kind of uncertainty over his identity. Right, right. He wasn't going to let Donnell go. And, in fact, he says he didn't even get his identity from him until after he had already taken Donnell into custody and placed him in a squad car and they found his identity card at the police station. So I don't think that it was any issue about whether he wasn't going to be able to execute this warrant. In his mind it was should I charge Donnell with this felony. Based upon your reasoning, when would there be an obstructing of a police officer in a situation like this? Well, again, I think it does depend on is the defendant successful in impeding the officer or in a situation such as break where that does involve a physical act but it made the officer's job substantially more difficult. This officer's job was not made substantially more difficult just because he engaged in some back and forth with Donnell for a few minutes before he arrested him. So, again, we would ask that this conviction be reversed. Thank you, Your Honor. Thank you. Did you have anything else? I'm sorry. Thank you so much, folks, for your argument. The court is now in recess. The case will be taken under consideration and a decision will be rendered in due course. Thank you.